UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANTANA OCAMPO,

    Petitioner,

v.

HAROLD CLARKE,

    Respondent.

Case No. C07-5671 FDB

ORDER ADOPTING REPORT
AND RECOMMENDATION
DISMISSING HABEAS PETITION
WITH PREJUDICE

This matter comes before the Court on the Report and Recommendation of the Magistrate Judge that Petitioner's request for habeas corpus relief be denied and the petition be dismissed with prejudice. The Petitioner has filed objections to the Report and Recommendation.

Petitioner's habeas corpus petition challenges his Washington State conviction of murder in the first degree. Petitioner was sentenced to 360 months of confinement. The sentence included a 60-month enhancement for a deadly weapon.

Petitioner initially objects to a determination of the petition without providing Petitioner an evidentiary hearing. An evidentiary hearing is held in federal habeas cases only under the most limited circumstances. See Baja v. Ducharme, 187 F.3d 1075, 1077-79 (9th Cir. 1999). An evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court can be held only if petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional

ORDER - 1

law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. See 28 U.S.C. § 2254(e)(2). In short, if Petitioner did not present in state court the facts he wishes to present now, for instance by developing them in his state habeas proceedings, he cannot do so now unless he can bring himself within the provisions of section 2254(e)(2) outlined above.

The Court concludes that Petitioner has failed to demonstrate that the provisions of 28 U.S.C. § 2254(e)(2) apply in the instant case. An evidentiary hearing is not required on issues that can be resolved by reference to the state court record. Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998). Moreover, Petitioner is only entitled to an evidentiary hearing on claims that, if proven, would entitle him to relief. See, e.g., Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir. 1990). Here, the Court has been able to resolve all of Petitioner's claims by reference to the state court record. Petitioner's claims rely on established rules of constitutional law. Petitioner has not set forth a factual basis for claims that could not have been previously discovered by due diligence. Finally, the facts underlying the claims are insufficient to establish by clear and convincing evidence that no reasonable fact finder would have found Petitioner guilty of the offense. Petitioner is not entitled to an evidentiary hearing.

Petitioner's first two issues relate to law enforcement testimony. These issues concern improper law enforcement opinion and vouching for the credibility of a witness. As detailed by the Magistrate Judge, these claims are without merit. The testimony was introduced into evidence without objection. Additionally, the Washington appellate court found the testimony was not improper. Petitioner has failed to show the decision of the Washington appellate court resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, or that the state court ruling resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence.

ORDER - 2

1  Petitioner's third issue involves an allegation that the right to confrontation was denied when
2  a law enforcement officer testified regarding contacts with a potential witness.  As detailed by the
3  Magistrate Judge, there was no testimony as to the substance of any statements made by this
4  potential witness and Petitioner had the opportunity to cross examine the testifying law enforcement
5  officer.  The Washington appellate court found no violation of the right to confrontation, as did the
6  Magistrate Judge.  This Court agrees that the right of confrontation was not denied.

7  Petitioner contends in claim four that improper identification procedures were employed.  As
8  noted by the Magistrate Judge, this claim is unexhausted and procedurally barred. There exit no basis
9  to consider the photo identification claim on the merits.

10  Finally, Petitioner raises a claim of insufficiency of evidence to convict.  As demonstrated in
11  the Report and Recommendation, the testimony presented at trial is sufficient evidence of guilt.

12  The Court having reviewed the Report and Recommendation of the Hon. J. Kelley Arnold
13  United States Magistrate Judge, objections to the Report and Recommendation, and the remaining
14  record, does hereby find and Order:

15  (1)  The Court adopts the Report and Recommendation;

16  (2)  This petition is **DISMISSED WITH PREJUDICE.**

17  (3)  The Clerk is directed to send copies of this Order to Petitioner's counsel, and the
       Hon. J. Kelley Arnold.

19  DATED this 29th day of May, 2008.

                                           _____
                                           FRANKLIN D. BURGESS
                                           UNITED STATES DISTRICT JUDGE

28  ORDER - 3